# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:20-cv-00660-FDW-DCK

| | |
|---|---|
| RANDY DENKER,<br><br>    Plaintiff,<br><br>vs.<br><br>ZERO WASTE RECYCLING, LLC,<br><br>    Defendant. | ORDER |

THIS MATTER is before the Court on Plaintiff Randy Denker's Motion to Dismiss, (Doc. No. 5), Defendant Zero Waste Recycling, LLC's ("Zero Waste Recycling") Counterclaims, (Doc. No. 3), pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b). The Court has reviewed Plaintiff's Motion and Brief in Support, (Doc. Nos. 5, 6), Defendant's Response in Opposition, (Doc. No. 7), and Plaintiff's Reply, (Doc. No. 8). Accordingly, for the reasons detailed below, Plaintiff's Motion to Dismiss Defendant's Counterclaims is GRANTED IN PART AND DENIED IN PART.

## I. BACKGROUND

On November 25, 2020, Randy Denker ("Plaintiff") filed this lawsuit against Zero Waste Recycling ("Defendant") for Defendant's alleged violations of the federal Fair Labor Standards Act ("FLSA").[1] (Doc. No. 1). Defendant timely Answered and included in its Answer three counterclaims against Plaintiff for fraud, conversion, and breach of contract. (Doc. No. 3). Plaintiff

---

[1] Although Zero Waste Recycling refers to itself as "Counter-Plaintiff" in its Counter Complaint, in order to avoid any potential confusion, the Court will refer to Randy Denker as Plaintiff and Zero Waste Recycling as Defendant.

1

filed a Motion to Dismiss Defendant's Counterclaims, (Doc. No. 5), and the allegations pertinent to Plaintiff's Motion are set forth below.[2]

Plaintiff Randy Denker is a citizen and resident of North Carolina. (Doc. No. 1). Defendant provides commercial and industrial recycling services. (Doc. No. 3, p. 5). Plaintiff allegedly worked for Defendant from 2017 until Plaintiff resigned in 2020. Id. at p. 2. During his employment with Defendant, Plaintiff allegedly worked as both a driver and a mechanic. Id. at p. 5. Plaintiff was generally paid an hourly rate for his services, but Defendant alleges Plaintiff "fabricated his time records." Id. at p. 3. The fabricated time records allegedly resulted in wrongfully acquired "overpayment to Denker" and "damages to Zero Waste Recycling." Id. at p. 6.

Defendant further alleges damages resulting from Plaintiff's wrongful use of a company credit card and Plaintiff's failure to repay a loan. Id. at pp. 6-7. Specifically, Defendant alleges that, at some point in his employment, Plaintiff "was given a gas credit [card] solely for use for Company-related gas purchases." Id. at p. 6. However, Defendant contends Plaintiff charged roughly $352.28 to the gas credit card for personal use. Id. Defendant also allegedly entered into a loan agreement with Plaintiff, in which Defendant agreed to loan $2,500 to Plaintiff. Id. Plaintiff has allegedly refused to repay the loan. Id.

Plaintiff filed the pending Motion to Dismiss Defendant's Counterclaims, (Doc. No. 5), on January 13, 2021 pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b) for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to meet the heightened pleading standard for fraud. Defendant has timely opposed this Motion to Dismiss.

---

[2] The allegations are taken from Defendant's Answer. (Doc. No. 3)

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Rule 12(b)(1) provides for the dismissal of claims against all defendants where a court lacks jurisdiction over the subject matter of a lawsuit. Fed. R. Civ. P. 12(b)(1). The moving party has the burden of proving that subject matter jurisdiction exists. Acker v. States Mortg. Co., Inc., No. 3:20-CV-00247-FDW-DCK, 2020 WL 4698809, at *2 (W.D.N.C. Aug. 13, 2020). When a party challenges subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

### B. Rule 12(b)(6)

Rule 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal "sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Brown v. Loancare, LLC, No. 3:20-CV-00280-FDW-DSC, 2020 WL 7389407, at *1 (W.D.N.C. Dec. 16, 2020). In order to survive a 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has held that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). Conclusory allegations, however, are "not entitled to be assumed true." Iqbal 556 at 681. While a high level of factual detail is not required, a complaint needs more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

### III. ANALYSIS

**a. Subject Matter Jurisdiction**

Defendant has alleged Plaintiff is liable for fraud, conversion, and breach of contract. (Doc. No. 3). In his Motion to Dismiss, Plaintiff argues this Court lacks subject matter jurisdiction over Defendant's breach of contract claim and the conversion claim to the extent it is premised on Plaintiff's alleged wrongful credit card use.[3] (Doc. No. 6, pp. 1-2). Defendant raises no argument in opposition and seeks voluntary dismissal of the breach of contract claim and the conversion claim premised on wrongful credit card use. (Doc. No. 7, p. 2). The Court accordingly GRANTS IN PART Plaintiff's Motion to Dismiss and DISMISSES Defendant's counterclaim for breach of contract (Count III) and Defendant's counterclaim for conversion based on wrongful credit card use.

---

[3] Defendant's conversion claim is based on Plaintiff's alleged wrongful credit card use and Plaintiff's alleged wage overpayment. See (Doc. No. 3, p. 6)

4

**b. Failure to State a Claim**

  **i. Conversion**

In North Carolina, conversion is defined as "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." Norman v. Nash Johnson & Sons' Farms, Inc., 537 S.E.2d 248, 264 (2000) (citation and quotation omitted). To state a conversion claim, a party must show: "(1) ownership of a good or personal chattel vested in their interest and, (2) a wrongful conversion of the good or personal chattel by the opposing party." Flexible Foam Prod., Inc. v. Vitafoam Inc., 980 F. Supp. 2d 690, 700 (W.D.N.C. 2013). If the good or personal chattel involved is money, then it may only be subject to conversion "'*only* when it is capable of being identified and described.'" Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC, 723 S.E.2d 744, 750 (N.C. 2012) (quoting Alderman v. Inmar Enters., Inc., 201 F. Supp. 2d 532, 548 (M.D.N.C. 2002), *aff'd per curiam* 58 F. App'x. 47 (4th Cir. 2003)). Money may be sufficiently identified "through evidence of the specific source, specific amount, and specific destination of the funds in question." Variety Wholesalers, Inc., 723 S.E.2d at 751.

Here, Plaintiff argues Defendant has failed to state a conversion claim for wrongful collection of overpayments. (Doc. No. 6). The Court agrees. Defendant's counterclaim alleges *only* that Plaintiff "wrongfully acquired overpayments in wages through misrepresentations." (Doc. No. 3, p. 6). Defendant fails to list a specific source, specific amount, or specific destination of the funds in question. There are simply no allegations plausibly stating a conversion claim under North Carolina law.

However, in the last sentence of its Motion in Opposition, Defendant asks this Court for leave to amend its counterclaims. (Doc. No. 7, p. 8). Although Defendant has failed to comply

with our Local Rules, which require additional briefing for motions to amend the initial pleadings, the Court finds it appropriate to grant Defendant leave to amend its remaining conversion claim. Plaintiff's Motion to Dismiss Defendant's conversion claim is DENIED WITHOUT PREJUDICE.

**ii. Fraud**

Ordinarily, a plaintiff need only make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); see also United States ex rel. Hartnett v. Physicians Choice Lab'y Servs., LLC, No. 3:17-CV-00037-KDB-DCK, 2020 WL 571322, at *1 (W.D.N.C. Feb. 5, 2020). "Mere allegations of 'fraud by hindsight' will not satisfy the requirements of Rule 9(b)." Id. (citing Hillson Partners Ltd. Partnership v. Adage, Inc., 42 F.3d 204, 209 (4th Cir.1994)). Specifically, the Fourth Circuit has stated that pleading with particularity under Rule 9(b) should include "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir.1999).

Here, Defendant has not sufficiently alleged fraud with the particularity required by Rule 9(b). Defendants sole factual allegations represents that Plaintiff made "false representations . . . in calculating amounts owed to him," and that Defendant relied on these representations in paying Plaintiff "wages he did not earn for time he did not work." (Doc. 3, p. 5). Defendant neither alleges the precise time period in which these events occurred, nor does Defendant set forth how exactly Plaintiff made the alleged misrepresentations. Defendants allegations of fraud amount to fraud by hindsight, which is not sufficient to state a claim for fraud.

The Court acknowledges Defendant's generally insufficient request to amend, but the Court denies such request as "amendment would be futile." See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). The Court sees no set of factual allegations in which Defendant's fraud counterclaim would state a claim for fraud rather than fraud by hindsight. The Court accordingly GRANTS Plaintiff's Motion to Dismiss Defendant's fraud claim (Count I).

## IV. CONCLUSION

IT IS, THEREFORE, ORDERED Plaintiff's Motion to Dismiss, (Doc. No. 5), is GRANTED IN PART AND DENIED IN PART as set forth herein. The Court further directs Defendant to file, **within seven (7) days** of the entry of this Order, an amended counterclaim for conversion premised on the alleged overpayment of wages. Plaintiff may file a Motion to Dismiss Defendant's conversion claim **within seven (7) days** of the filing of Defendant's Amended Counterclaim.

IT IS SO ORDERED.

Signed: April 28, 2021

Frank D. Whitney
United States District Judge